IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCUS WILLIAMS                                                              PLAINTIFF

V.                                                      CAUSE NO. 3:16-CV-00838-CWR-FKB

ILLINOIS CENTRAL RAILROAD                                                    DEFENDANT
COMPANY

## ORDER

The Court considers defendant's motion for partial dismissal. These arguments present a case of first impression: may a self-reported illness amount to a "hazardous safety or security condition" under 49 U.S.C. § 20109(b) ("subsection (b)") of the Federal Railroad Safety Act ("FRSA")? The answer is no. Defendant's motion, therefore, is granted.

## I.      Factual and Procedural Background

From 1998 through his termination in 2015, Marcus Williams worked as a brakeman, conductor, then locomotive engineer for Illinois Central Railroad Company ("IC"). During the evening shift of June 12, 2015, Williams developed multiple symptoms of heart attack. He notified his superiors and was transported by company vehicle to the University of Mississippi Medical Center Emergency Room in Jackson, Mississippi. There, doctors determined Williams had not and was not having a heart attack. Medical professionals did, however, warn Williams that his symptoms were serious, and they ordered him to remain sedentary and at home for three days. Following the advice of his physicians, plaintiff did not report for work during the following three days. Deciding that these absences violated the railroad's no fault attendance policy, IC terminated Williams on July 2, 2015.

Plaintiff filed a formal complaint with the Occupational Safety and Health Administration on December 3, 2015. Before that agency concluded its investigation and

rendered a decision, plaintiff exercised his right—in accordance with 49 U.S.C. § 20109(d)(3)—to file an original complaint in this Court. He asserts three causes of action: one claim brought under each of subsections (a), (b), and (c) of 49 U.S.C. § 20109. His claim brought under subsection (b), concerning "hazardous safety or security conditions," is the subject of the current motion to dismiss.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

## III.    Discussion

Plaintiff contends that the medical symptoms he suffered while on duty created a hazardous work condition that made it unsafe for him to complete his shift or work during his ordered period of rest. He argues that by notifying IC employees of his suspected heart attack and subsequent treatment plan, his refusal to work the following three days was protected by subsection (b). Defendant disagrees, asserting that subsection (b) only applies to hazardous conditions that are within the railroad carrier's control.

The Fifth Circuit has not answered the question currently pending in this Court. Separate provisions in the FRSA, which more directly embrace issues of medical treatment, may have

obviated the need for railroad employees to claim that a self-reported illness qualifies as a hazardous work condition under subsection (b), which provides in relevant part:

> A railroad carrier engaged in interstate or foreign commerce, or an officer or employee of such a railroad carrier, shall not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee for-- (A) reporting, in good faith, a hazardous safety or security condition; (B) refusing to work when confronted by a hazardous safety or security condition related to the performance of the employee's duties.

49 U.S.C. § 20109(b)(1)(A)-(B).

Not only is self-reported infirmity absent from subsection (b), it is explicitly present elsewhere in the FRSA. One section states that a "railroad carrier . . . may not discipline, or threaten discipline to, an employee for requesting medical or first aid treatment, or for following orders or a treatment plan of a treating physician." 49 U.S.C. § 20109(c)(2). Another provides similar protection for employees who "notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness of an employee." 49 U.S.C. § 20109(a)(4).[1] Reading protections for self-reported illness into subsection (b) would render some portion of the statute's text superfluous. *See Clark v. Rameker*, 134 S. Ct. 2242, 2248 (2014) ("a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous.").

Furthermore, 49 U.S.C. § 20109(c)—protecting employee action taken under the direction of a treating physician—was added to the FRSA as an amendment in 2008. Pub. L. No. 110-432, 122 Stat. 4848 (Oct. 16, 2008). The addition of that section presumably provides protection that was not previously contained in the statute. *See Stone v. INS*, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have

---

[1] Plaintiff has asserted claims under each of these separate sections, and defendant is not seeking to dismiss those claims through this motion.

real and substantial effect."). Qualifying refusal to work pursuant to medical advice as a hazardous condition would render the protections contained in the amendment trivial.

Finally, other courts that have faced this question agree that the "hazardous safety or security condition" provisions within the statute "refer to conditions that are within the railroad's control or that impact its operation." *Stokes v. Se. Pa. Transp. Auth.*, 657 F. App'x 79, 82 (3d Cir. 2016). Reading the statute to include self-reported illnesses as hazardous safety conditions would expand protected activity to include any ailment, including drunkenness, fatigue or even personal incompetence, that an employee believes might affect his or her ability to perform the essential functions of the job.[2] *See Murdock v. CSX Transp., Inc.*, No. 3:15-CV-01242, 2017 WL 1165995, at *5 (N.D. Ohio Mar. 29, 2017) ("Congress did not contemplate 'condition' as used in § 20109(b) to include personal illness."). The Court declines to adopt this construction of the statute.

**IV.**  **Conclusion**

Defendant's motion for partial dismissal is granted. Plaintiff's claim brought under 49 U.S.C. § 20109(b) is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this the 15th day of June, 2017.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff relies upon a case wherein an employee complained of a co-worker's fitness and lack of skill to perform job duties safely, which the court deemed to have been a hazardous condition. *Worcester v. Springfield Terminal Ry. Co.*, No. 2:12-CV-00328-NT, 2014 WL 1321114 (D. Me. Mar. 31, 2014). The facts in *Worcester*, by contrast to those underpinning plaintiff's claims, presented a case in which the railroad could exercise control over the reported hazard. A railroad carrier can, for instance, provide and mandate employee training, evaluate job performance, and assure that the co-worker complained of is equipped to perform the tasks to which he or she is assigned.

4