# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

MARCUS WILLIAMS     PLAINTIFF

V.     CAUSE NO. 3:16-CV-838-CWR-FKB

ILLINOIS CENTRAL RAILROAD COMPANY     DEFENDANT

## ORDER

Before the Court are the Defendant's two motions in limine. The motions are briefed and ready for adjudication.

**I. Defendant's First Motion in Limine**

The Court grants all counts conceded by Williams, and considers IC's remaining requests in turn.

    **A. Hearsay and Anecdotal Evidence of Other Adverse Employment Activities**

IC moves to exclude hearsay and anecdotal testimony about actions taken against other employees that are not similarly situated. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) ("Anecdotes about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff.").

Defendant's point is well-taken, but its objection must await the testimony. The Federal Rules of Evidence will apply in this case, obviously, and hearsay is not admissible unless otherwise authorized. *See* Fed. R. Evid. 802.

    **B. The Merits of Prior Discipline Assessed Against Williams**

IC asks to exclude as irrelevant any testimony, evidence, or argument that Williams' prior attendance violations were unwarranted. Defendant's motion is granted. To the extent

1

Williams attempts to challenge the bases or merits of his previous disciplinary actions, Plaintiff is barred from doing so. Williams' disciplinary record is irrelevant to the issue of whether IC violated the Federal Railroad Safety Act (FRSA) following Williams' June 13, 2015 absence. IC, however, is allowed to introduce evidence of Williams' employment history including prior discipline in order to prove its non-retaliatory reason for its employment action. Both sides are advised that there is no need to go into detail of Williams' prior violations. We do not need mini-trials on these instances as they would distract the jury from its consideration of the ultimate issue in this case.

### C. Validity or Fairness of Attendance Guidelines

IC seeks to exclude arguments that the Attendance Guidelines are unlawful or unfair. Williams contends that the "fairness of the IC Attendance Guidelines is inextricably linked to [Defendant's] violation of the FRSA." Docket No. 67 at 2. The Court agrees with Williams and denies the Defendant's motion.

### D. Effect of Williams' Termination on His Spouse or Family

IC moves to preclude Williams from introducing evidence of emotional distress suffered by his spouse or family, because the FRSA provides relief only to employees. Defendant's motion is reserved, as Williams will have the right at trial to make a proffer that such evidence is relevant to his claims.

### E. The Medical Condition of Williams' Daughter

To that end, IC also seeks to exclude evidence of emotional distress related to the medical condition of Williams' daughter, who suffers from scoliosis and cerebral palsy. The Court denies this motion, to that extent that such evidence is tied to Plaintiff's own emotional distress.

### F. Testimony that Williams' June 12, 2015 Illness Was Work-Related

IC wishes to exclude testimony that Williams' illness was "work-related."[1] This motion is granted in part and denied in part.

Williams designated two treating doctors as expert witnesses. They will be allowed to testify consistent with their designation. *See* Docket No. 28 ("The plaintiff intends to question each of these doctors about the history, examinations, diagnostic testings, and diagnoses they made concerning Mr. Williams at the emergency room . . . [including] their discharge instructions[,] but plaintiff does not anticipate asking doctors any opinion testimony questions.").

Plaintiff can testify about the circumstances of his illness but cannot make legal conclusions of his illness.

### G. Argument that IC Had a Duty to Inquire Whether Plaintiff Engaged in Protected Activity

IC seeks to preclude the argument that it had a duty to inquire whether Williams engaged in protected activity. This motion is denied, but specific objections to testimony may be raised at trial. IC may also propose, as a jury instruction, that it did not have a duty to inquire.

### H. IC's Financial Condition or Ability to Pay the Verdict

The Court grants this motion, but reserves the right to determine whether punitive damages are available. The Court will instruct the jury accordingly.

## II. Defendant's Second Motion in Limine

The Court grants Defendant's second motion, as Williams conceded all counts.

## III. Conclusion

The Defendant's first motion is granted in part and denied in part. The Defendant's second motion is granted.

**SO ORDERED,** this the 7th day of February, 2018.

---

[1] Consistent with this Court's previous Order, "work-related" is not the same as "caused by work."

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE